FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

JUN 29 2004

CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LOUIE SEDILLO,

    Plaintiff,

v.    No. CIV-04-0380 JB/WDS

ROBERT RAMIREZ,
LAURA [LNU], NM CORR. DEPT.
PROBATION AND PAROLE DIV.,

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and rule12(b)(6) of the Federal Rules of Civil Procedure, to review the Plaintiff's civil rights Complaint. Plaintiff is incarcerated, appears pro se, and is proceeding in forma pauperis. For the reasons stated below, the Court will dismiss certain of the Plaintiff's claims.

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if the action . . . is frivolous or malicious; [or] fails to state a claim upon which relief may be granted." The Court also may dismiss a complaint *sua sponte* under rule 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). In reviewing the Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings that counsel drafts, but liberally construes the allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The Complaint alleges that, while the Plaintiff was on parole, Defendant Ramirez ridiculed the

Plaintiff's religious beliefs and harassed him by constantly insisting that he renounce his beliefs and "trust in Jesus Christ." The Plaintiff believed his parole would be revoked if he had resisted Ramirez's harassment. He also alleges that Defendants Laura [LNU], who was Ramirez's supervisor, and Corrections Department Probation and Parole Division knew of Ramirez's harassment but failed to prevent the discriminatory behavior.

The Plaintiff alleges that the Defendants' conduct violated his rights under the First, Eighth, and Thirteenth Amendments. The Defendants are sued in their individual and official capacities. The Plaintiff seeks damages.[1]

The Court may not grant relief on the Plaintiff's claims against the individual Defendants in their official capacities or against the Probation and Parole Division. "The Supreme Court held in *Will* [*v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989)] that 'neither a State nor its officials acting in their official capacities are "persons" under § 1983.' As we explained in *Harris* [*v. Champion*, 51 F.3d 901, 905-06 (10th Cir.1995)], 'a governmental entity that is an arm of the state for Eleventh Amendment purposes' is not a 'person' for section 1983 purposes." *McLaughlin v. Bd. of Tr. of State Coll.*, 215 F.3d 1168, 1172 (10th Cir. 2000). The Court will dismiss the Plaintiff's claims against Defendants Ramirez and Laura [LNU] in their official capacities and against Defendant Probation and Parole Division.

Nor do the Plaintiff's allegations state a claim for involuntary servitude under the Thirteenth Amendment. Generally, of course, arrest and prosecution under a state's criminal laws do not implicate constitutional protections against slavery and involuntary servitude. *See United States v. Reynolds*, 235

---

[1] The Plaintiff does not separately challenge his parole revocation. *Compare Herrera v. Harkins*, 949 F.2d 1096, 1097-98 (1991) (holding that convict may challenge parole determination under habeas corpus statutes), *with Berry v. Scafe*, No. 98-3194, 1999 WL 89152, at **2 (10th Cir. Feb 23, 1999) ("[A] section 1983 action is typically the proper vehicle for attacking unconstitutional conditions of confinement and parole procedures.").

U.S. 133, 149 (1914); *Davis v. Hudson*, No. 00-6115, 2000 WL 1089510, at **3 (10th Cir. Aug. 4, 2000) ("By its express language, the Thirteenth Amendment's prohibition of slavery does not apply to the imprisonment of a person lawfully convicted of a crime."). Here, the Plaintiff alleges that he believed he would risk parole revocation if he refused to listen to Defendant Ramirez's religious harassment. This allegation does not support a claim under the Thirteenth Amendment. *See United States v. Kozminski*, 487 U.S. 931, 944 (1988) (holding that Thirteenth Amendment claim requires risk of actual servitude). The Court will dismiss this claim.

**IT IS THEREFORE ORDERED** that the Plaintiff's claims against Defendant Corrections Department Probation and Parole Division are DISMISSED with prejudice, and this Defendant is DISMISSED as a party to this action;

**IT IS FURTHER ORDERED** that the Plaintiff's claims against Defendants Ramirez and Laura [LNU] in their official capacities are DISMISSED with prejudice, and Defendants Ramirez and Laura [LNU] in their official capacities are DISMISSED as parties to this action;

**IT IS FURTHER ORDERED** that the Plaintiff's claim for involuntary servitude under the Thirteenth Amendment is DISMISSED with prejudice;

**IT IS FURTHER ORDERED** that the Clerk is directed to issue summons, with notice and waiver forms, for Defendants Ramirez and Laura [LNU] on the Plaintiff's First and Eighth Amendment claims.

_____
UNITED STATES DISTRICT JUDGE