**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

LOUIE SEDILLO,

Plaintiff,

vs. No. CIV-04-380 JH/WDS

ROBERT RAMIREZ et. al.,

Defendants

**MAGISTRATE JUDGE'S PROPOSED**
**FINDINGS AND RECOMMENDED DISPOSITION[1]**

Plaintiff Louie Sedillo, a *pro se* prisoner proceeding *in forma pauperis,* filed ths 42 U.S.C. §1983 claim against various New Mexico corrections officials. Defendant Laura Chavez filed a Motion to Dismiss (Document 95), to which plaintiff filed opposition. The Court has read and considered all of the pleadings and evidence submitted by the parties. The United States Magistrate Judge, having considered the arguments of the parties, the record, relevant law, and being otherwise fully advised, finds and recommends that the Motion to Dismiss be denied. The Court makes the following findings and recommended disposition.

**PROCEDURAL AND FACTUAL HISTORY**

Plaintiff filed this 42 U.S.C. §1983 claim against the New Mexico Corrections Department Probation and Parole Division and two of its employees, Robert Ramirez and Laura Chavez. Plaintiff alleged that Ramirez, his parole officer, harassed him and discriminated against him because he was a Satanist. Essentially, Plaintiff alleged in his complaint that Ramirez criticized him

[1] Within ten (10) days after a party is served with a copy of these findings and recommendations, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such findings and recommendations. A party must file any objections with the Clerk of the U.S. District Court within the ten-day period allowed if that party wants to have appellate review of the findings and recommendations. If no objections are filed, no appellate review will be allowed.

for being a satanist, held him up for ridicule by other parole officers and employees of the Probation and Parole Division, and tried to convert Plaintiff to Christianity. Plaintiff alleged that Laura Chavez was liable because she, as Mr. Ramirez' supervisor, should have prevented or halted the harassment and discrimination. Plaintiff asserted claims under the First, Eighth, and Thirteenth Amendments, and asserted that Defendants had acted in both their official and personal capacities.

The Court dismissed Plaintiff's Thirteenth Amendment claim along with all claims against the Probation and Parole Division and the official capacity claims against the two individual defendants. (See Document #9) Defendant Chavez was served and filed an answer. Defendant Ramirez was no longer employed by the Probation and Parole Division at the time the lawsuit was filed. Pursuant to 28 U.S.C. §1915 Plaintiff was ordered to provide a sufficient address for service of the complaint on Defendant Ramirez. Plaintiff responded to the Court order but apparently only provided the Court with Ramirez' old work address, and Ramirez was never served. The complaint against Ramirez was dismissed without prejudice on June 25, 2007. (Document #59)

The parties have completed discovery and Defendant Chavez filed this timely Motion to Dismiss. (Document # 95) Plaintiff filed a timely response in opposition to the Motion to Dismiss. (Document #98)

**STANDARD OF REVIEW AND ANALYSIS**

As an initial matter, although this motion was filed under Rule 12 of the Federal Rules of Civil Procedure, matters outside the pleadings were presented by the parties in support of, or opposition to, the motion. Accordingly, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56. Summary judgment is appropriate where the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to summary

judgment as a matter of law. *Celotex v. Catrett*, 477 U.S. 317 (1986). The moving party must initially establish the absence of a question of fact. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144 (1970). Thereafter, Rule 56 requires the responding party to go beyond the pleadings and identify sufficient evidence to show that there is a genuine issue for trial. *Allen v. Muskogee Oklahoma*, 119 F.3d 837, 841 (10th Cir. 1997) *cert. denied*, 118 S. Ct. 1165 (1998).

An issue is "genuine" if "a rational juror could find in favor of the nonmoving party on the evidence presented." *EEOC v. Horizon/CMS Healthcare Corp.*, 220 F.3d 1184 (10th Cir. 2000). The inquiry for the Court is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 91 L. Ed. 2d 202, 106 S. Ct. 2505 (1986). Although the Court views the evidence in a light most favorable to the nonmovant, it is not enough that the nonmovant's evidence be "merely colorable" or anything short of "significantly probative." Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is "no genuine issue for trial." *Matsushita Elec. Indust. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 89 L. Ed. 2d 538, 106 S. Ct. 1348 (1986)(citing *First Nat'l Bank v. Cities Serv. Co.*, 391 U.S. 253, 289, 20 L. Ed. 2d 569, 88 S. Ct. 1575 (1968)).

There is no question that Plaintiff's complaint of direct harassment was directed against Ramirez, a defendant who was never served and against whom the complaint has been dismissed. The only issue remaining before the Court is the liability, if any, of Laura Chavez for failure to intervene as Mr. Ramirez' supervisor to prevent or halt the alleged harassment.

The lynchpin of Defendant's motion is the affidavit of Laura Chavez, which was included as part of Defendant's Martinez Report. (Document #76) Defendant notes that:

Chavez attested under oath that: "Mr. Sedillo never mentioned to me that Robert

> Ramirez harassed him about his satanic beliefs" and " Mr. Sedillo never mentioned his religious beliefs during the conversation and definitely did not state that Mr. Ramirez was treating him unfairly based on his belief system."

The clear implication from the above quote is that the statements of Chavez are uncontested issues of material fact, entitling Defendant to summary judgment. However, Defendant's brief ignores the fact that Plaintiff has consistently asserted, both in his verified complaint and in his response to Defendant's Martinez Report, that he *did* notify Chavez of her subordinates' harassment. In paragraph A(3) of the complaint Plaintiff specifically states that he advised Defendant by phone of Ramirez' unconstitutional behavior. On page 4 of the complaint Plaintiff reiterates his assertion that he called Defendant Chavez and told her of Ramirez' acts.

The court is not authorized to accept the factual findings of the prison investigation when the plaintiff has presented conflicting evidence. *Hall v. Bellmon*, 935 F.2d 1106, 1111 (10th Cir. 1991). Here Plaintiff's complaint was accompanied by a statement by Plaintiff made under penalty of perjury, 28 U.S.C. § 1746, and therefore the complaint is the equivalent of an affidavit[2]. *Hall*, 935 F.2d at 1111. Plaintiff's verified statements present a substantial factual dispute on the issue of whether Defendant Chavez was told by Plaintiff of her subordinates harassment. Defendant's motion for summary judgment on this ground is not well taken and the Court recommends that it be denied.

---

[2]Plaintiff filed a response (Document #79) to Defendant's Martinez Report in which he again stated that he had spoken with Chavez about the alleged constitutional violation. Technically, Plaintiff should have attached an affidavit to his response to support his factual assertions. It is axiomatic, however, that *pro se* pleadings are read liberally, and if Defendant intended to discount Plaintiff's assertions on such technical grounds, those grounds should have been set forth in Defendant's brief. It is inconceivable to the Court, given Plaintiff's verified complaint and objection to the Martinez Report, that Defendant could present Laura Chavez' affidavit to the Court as an uncontested material fact with no mention of Plaintiff's averments to the contrary.

Defendant also advances the proposition that Laura Chavez cannot be held liable under a theory of supervisory liability. Failure to supervise is only actionable under § 1983 against a defendant who had a duty to supervise. *Meade v. Grubbs*, 841 F.2d 1512, 1528 (10th Cir. 1988) ("Unless a supervisor has established or utilized an unconstitutional policy or custom, a plaintiff must show that the supervisory defendant breached a duty imposed by state or local law which caused the constitutional violation."). In this instance Defendant Chavez was Ramirez' direct supervisor, and had a duty to supervise. "Liability of a supervisor under § 1983 must be predicated on the supervisor's deliberate indifference." *Green v. Branson*, 108 F.3d 1296, 1302 (10th Cir. Okla. 1997); see also *Wever v. Lincoln County*, 388 F.3d 601, 606 (8th Cir. 2004). Deliberate indifference requires that the official "both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Verdecia v. Adams,* 327 F.3d 1171, 1175 (10th Cir. 2003); see also *Self v. Crum*, 439 F.3d 1227, 1231 (10th Cir. 2006).

Analyzing this issue in the light most favorable to Plaintiff, i.e., that Plaintiff reported Ramirez' harassment directly to Chavez, it is apparent that Chavez was not merely aware of facts from which an inference could be drawn, she was advised of the specific facts of the violation. A fact finder could conclude that Chavez "actively . . .acquiesced in the constitutional violation." *Holland v. Harrington*, 268 F.3d 1179, 1187 (10th Cir. Colo. 2001). Defendant's motion for summary judgment on this ground is not well taken and the Court recommends that it be denied.

Defendant next argues that she is entitled to qualified immunity, and that Plaintiff's complaint should be dismissed on that basis. Where a Defendant invokes the defense of qualified immunity, the Plaintiff must meet a two-part burden to avoid dismissal of his claims: (1) that the Defendant's actions violated a constitutional or statutory right and (2) that the right was clearly established at the time of the defendant's unlawful conduct. *See Serna v. Colo. Dep't of Corr.*, 455

F.3d 1146, 1150 (10th Cir. 2006). In resolving questions of qualified immunity, courts are required to resolve a threshold question: Taken in the light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a constitutional or statutory right? *Scott v. Harris*, 127 S.Ct. 1769, 1774 (2007). If no violation of a constitutional right is established, "there is no necessity for further inquiries. . . . On the other hand, if a violation could be made out on a favorable view of the parties' submissions, the next, sequential step is to ask whether the right was clearly established." *Saucier v. Katz*, 533 U.S. 194, 201 (U.S. 2001).

Defendant's brief on the issue of qualified immunity consists of several pages of the above boilerplate. As to why Laura Chavez is entitled to qualified immunity under the facts of *this* case, the Court quotes Defendant's brief in its entirety:

> In the instant case, Defendant is entitled to qualified immunity because Plaintiff had no "clearly established rights" at the time of the alleged incidents described in his Complaint.

It is unclear to the Court whether, by ignoring the threshold inquiry for qualified immunity, Defendant is admitting that her actions constituted a violation of Plaintiff's constitutional or statutory rights. However, in the absence of some discussion of case law, preferably case law discussing relevant aspects of the Establishment Clause and Free Exercise Clause, the Court is unwilling to accept at face value the assertion that Plaintiff had no "clearly established rights" to remain free from religious proselytizing while making mandatory contact with his parole officer.

Additionally, the Court notes the existence of the Religious Freedom Responsibility Act, 42 U.S.C. § 2000bb-1, which reads in pertinent part as follows:

> (a) In general. Government shall not substantially burden a person's exercise of religion even if the burden results from a rule of general applicability, except as provided in subsection (b).
>
> (b) Exception. Government may substantially burden a person's exercise of religion only

> if it demonstrates that application of the burden to the person–
>
> (1) is in furtherance of a compelling governmental interest; and
>
> (2) is the least restrictive means of furthering that compelling governmental interest.
>
> (c) Judicial relief. A person whose religious exercise has been burdened in violation of this section may assert that violation as a claim or defense in a judicial proceeding and obtain appropriate relief against a government. Standing to assert a claim or defense under this section shall be governed by the general rules of standing under article III of the Constitution.

It appears to the Court that any consideration of the doctrine of qualified immunity in this matter would have to address the above statute in addition to issues arising under the First Amendment. Defendant's brief does not even scratch the surface, and the Court recommends that Defendant's motion for summary judgment on qualified immunity grounds be denied.

Defendant also raises issues under 11th Amendment, but Plaintiff's claims against the state entity and against the individuals in their official capacities have been dismissed. Accordingly, that issue is moot.

**RECOMMENDED DISPOSITION**

The Court recommends that Defendant's Motion to Dismiss be denied.

W. Daniel Schneider
United States Magistrate Judge